IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Karlene Jones<br>  701 Brandywine St., S.E. #201<br>  Washington, D.C. 20032<br>  (202) 506-6331<br><br>                    Plaintiff,<br>v.<br><br>CoreLogic SafeRent, LLC,<br>  7300 Westmore Road, Suite 3<br>  Rockville, MD 20850-5223<br><br>                    Defendant. | Case No.:_____<br><br>**NOTICE OF REMOVAL**<br><br>Prior Case No. 2012 CA 000830 B<br>(D.C. Superior Court) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant CoreLogic SafeRent, LLC ("SafeRent") hereby removes the above-captioned litigation from the District of Columbia Superior Court to the United States District Court for the District of Columbia. As grounds for removal, Defendant states as follows:

**I.   THIS COURT HAS REMOVAL JURISDICTION BECAUSE THE COMPLAINT PRESENTS A FEDERAL QUESTION.**

1.  This litigation involves a Complaint by Plaintiff Karlene Jones against Defendant SafeRent. Exhibit A.

2.  The Complaint is captioned in the District of Columbia Superior Court. Id.

3.  Federal law permits Defendants sued in state court to remove a "civil action … of which the district courts of the United States have original jurisdiction

… to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. Federal law defines this Honorable Court's "original jurisdiction" to include "civil actions arising under the Constitution, laws, or treaties of the United States," *i.e.*, federal question jurisdiction. 28 U.S.C. § 1331.

5. Plaintiff's Complaint pleads, in full, as follows:

> That CoreLogic SafeRent submitted cases that have been dismissed/terminated onto my consumer file. I was advised to me [sic] by CoreLogic that the cases were verified with D.C. Superior Court. The consumer file has caused me to be denied housing, emotional distress and slander to my name. Further advised to me that the cases may be reported up to 7 years from the case filing date.

Exhibit A.

6. In determining whether the Complaint presents a federal question that gives this Honorable Court federal question jurisdiction, this Honorable Court may and should consider documents to which the Complaint refers. *See, e.g.*, 28 U.S.C. §1446(b)(3) (permitting defendants to remove after receipt of "***other paper*** from which it may first be ascertained that the case is one which is or has become removable") (emphasis added); *Maalouf v. Wiemann*, 654 F. Supp. 2d 6, 8 (D.D.C. 2009) ("[W]here a court's subject matter jurisdiction is called into question, the court may consider matters outside the pleadings to ensure it has power over the case") (citing *Teva Pharms., USA, Inc. v. U.S. Food & Drug Admin.*, 182 F.3d 1003, 1008 (D.C. Cir. 1999)).

7.   The Complaint's references to Plaintiff's "consumer file" and to prior correspondence indicate that Plaintiff seeks relief pursuant to the Fair Credit Reporting Act ("FCRA") and thus presents this Honorable Court with federal question jurisdiction. To wit:

a.   The Complaint alleges that SafeRent "submitted cases that have been dismissed/terminated onto [Plaintiff's] consumer file." A "consumer file" is a term of art that is defined by the FCRA at 15 U.S.C. §1681a(g).

b.   On December 9, 2011, Plaintiff expressly exercised her right under the FCRA to receive a copy of her consumer file from SafeRent. Exhibit B (portions of which have been redacted pursuant to LCvR 5.4(f)); *see also* 15 U.S.C. §1681g (granting said right).

c.   The Complaint alleges that SafeRent advised Plaintiff that it had verified all cases in her consumer file and that they could remain present in that file for seven years from the date of filing. Exhibit A. These allegations refer to a letter that SafeRent sent to Plaintiff on December 28, 2011. Exhibit C (advising Plaintiff regarding her consumer file).

d.   SafeRent's December 28, 2011 letter responded to a letter from Plaintiff dated December 23, 2011, which stated that "I am writing to dispute the validity of the Attached referenced items pursuant to the Fair Credit Reporting Act." Exhibit D. Plaintiff then asked that certain lawsuits between her and a landlord be removed from her SafeRent consumer file. *Id.* If they were not

removed, Plaintiff stated that "I will find it necessary to sue you for actual damages and declaratory relief under the Fair Credit Reporting Act." *Id.*

8. A fair reading of the Complaint, together with the correspondence dated December 28, 2011 and December 23, 2011 to which it refers, indicates that Plaintiff is pleading two claims for violation of the FCRA:

    a. for a violation of 15 U.S.C. §1681c(a), which limits the kinds of adverse information that an entity like SafeRent may include on a consumer report about someone like Plaintiff; and

    b. for a violation of 15 U.S.C. §1681i, which requires an entity like SafeRent to conduct a reinvestigation in response to correspondence like Plaintiff's December 23, 2011 letter and take action to correct or delete inaccurate or obsolete information.

9. Because Plaintiff's Complaint thus states two claims that arise under federal law, the Complaint presents a federal question under 28 U.S.C. § 1331 and falls within this Honorable Court's original jurisdiction under 28 U.S.C. § 1441(a).

10. Because the District of Columbia is within this Honorable Court's judicial district, this Honorable Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a).

## II. THIS COURT HAS JURISDICTION NOTWITHSTANDING THE COMPLAINT'S REFERENCE TO SLANDER.

11. A fair reading of the Complaint indicates that, in addition to two claims for violating the FCRA, Plaintiff also pleads a common-law claim for

defamation. The Complaint states that SafeRent's "consumer file has caused ... slander to my name." Exhibit A. The December 23, 2011 letter states that "I shall elect to use the District of Columbia Superior Court to bring appropriate action against you for defamation of character." Exhibit D.

12. This Honorable Court must take jurisdiction over Plaintiff's defamation claim pursuant to 28 U.S.C. §1367(a), which states that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. The Complaint's FCRA claims and its defamation claim form "part of the same case or controversy," because all three claims are based on information contained in SafeRent's "consumer file" about Plaintiff.

14. Accordingly, this Honorable Court "shall" have jurisdiction over the defamation claim. *See, e.g., Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 421 (D.C. Cir. 2006) ("we think it is clear that section 1367(a) authorizes a district court to exercise its supplemental jurisdiction *in mandatory language*") (emphasis added) (citing, *inter alia, McCoy v. Webster*, 47 F.3d 404, 406 n.3 (11th Cir. 1995) ("Section 1367(a) *requires* the district court to exercise supplemental jurisdiction over claims which are closely related to claims over which the district court has original jurisdiction") (emphasis in *Lindsay*)).

15. The Complaint's defamation claim does not present novel questions of law, dominate over the FCRA claims, or otherwise provide this Honorable

Court with a basis to decline supplemental jurisdiction. 28 U.S.C. §1367(c). To the contrary, the FCRA generally pre-empts claims for defamation against SafeRent. 15 U.S.C. §1681h(e) (pre-empting actions "in the nature of defamation, invasion of privacy, or negligence").

### III.   THIS NOTICE OF REMOVAL IS TIMELY.

16.   Defendants must remove litigation to federal court within 30 days from the date of service. *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

17.   SafeRent received a copy of Plaintiff's Complaint by certified mail on February 6, 2012. Exhibit A.

18.   Because Defendants are filing this Notice of Removal within 30 days from the date of service – *i.e.*, by March 7, 2012 – the Notice of Removal is timely.

### IV.   THIS NOTICE OF REMOVAL IS PROPER.

19.   In accordance with 28 U.S.C. § 1446 (b), attached hereto as Exhibit A are copies of "all process, pleadings, and orders served upon" the Defendants in this litigation.

20.   Pursuant to 28 U.S.C. § 1446(d), the undersigned certify that immediately after the filing of this Notice of Removal in this Court, a Notification of Filing of Notice of Removal (attached hereto as Exhibit E) will be filed in the District of Columbia Superior Court and will be served on all parties.

WHEREFORE, Defendant gives notice that the above-captioned litigation has been removed from the District of Columbia Superior Court to the United States District Court for the District of Columbia.

Dated:  February 24, 2012         Respectfully Submitted,

_____

Lorenzo B. Cellini
 D.C. Bar. No. 502441
TYCKO & ZAVAREEI LLP
2000 L Street NW, Suite 808
Washington, DC 20036
(202) 973-0900 (telephone)
(202) 973-0950 (facsimile)
lcellini@tzlegal.com

Jason A. Spak (PA89077)
PICADIO SNEATH MILLER & NORTON, P.C.
444 Liberty Avenue, Suite 1105
Pittsburgh, PA  15219
(412) 288-4385 (telephone)
jspak@psmn.com

*Counsel for CoreLogic SafeRent, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2012, I served a true and correct copy of the foregoing NOTICE OF REMOVAL on Plaintiff by sending the same via United States mail, postage prepaid, to:

Karlene Jones
701 Brandywine Street SE, Apartment #201
Washington, DC 20032

*Plaintiff Pro Se*

_____
Lorenzo B. Cellini