**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Karlene Jones<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CoreLogic SafeRent, LLC,<br><br>　　　　　　　Defendant. | Case No.: 1:12-cv-00304-EGS<br><br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>
<u>**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**</u>

### I.　　QUESTION PRESENTED

SafeRent provided a landlord with a consumer report about Plaintiff. The report summarized fourteen lawsuits that a prior landlord had filed against Plaintiff, each of which had been dismissed or resolved. Plaintiff alleges that by reporting lawsuits that had been dismissed, SafeRent violated the Fair Credit Reporting Act and defamed her. The FCRA permits SafeRent to list dismissed lawsuits and pre-empts defamation claims. Should Plaintiff's claim be dismissed?   [Answered in the Affirmative].

### II.　　STATUTORY BACKGROUND

SafeRent is a "consumer reporting agency" whose activities are regulated by the Fair Credit Reporting Act. 15 U.S.C. §1681a(f).[1] Specifically, SafeRent creates "consumer reports" that provide landlords with information about prospective tenants. §1681a(d). SafeRent's consumer reports are derived from "consumer files" that it maintains about individuals like Plaintiff. §1681a(g). SafeRent's consumer files and consumer reports contain information about a prospective tenant's credit history and

---

[1]　　For the sake of brevity, all future citations to the FCRA in this memorandum will be to its section number only – e.g., a citation to 15 U.S.C. §1681a will be to "§1681a."

litigation history. The litigation history includes public records about a tenant that SafeRent obtains from housing court dockets. The Fair Credit Reporting Act precludes SafeRent from reporting civil suits involving that are more than seven years old, but it puts no other restrictions on such reporting. §1681c(a). The FCRA also pre-empts claims for "defamation, invasion of privacy, or negligence." §1681h(e).

### III.   CONCISE STATEMENT OF FACTS

For its statement of facts, SafeRent will discuss seven pieces of correspondence that Plaintiff and SafeRent exchanged before Plaintiff filed suit *pro se*. This Court may consider these documents in evaluating SafeRent's motion to dismiss, because the documents are referenced in the Complaint and are central to Plaintiff's claim. *See, e.g., Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) ("In determining whether a complaint states a claim, the court may consider … documents attached thereto or incorporated therein").[2]

On December 9, 2011, Plaintiff sent SafeRent a "Consumer Disclosure Request Form." Exhibit 1. The form indicated that Plaintiff had applied for housing at Fort Henry Gardens in Alexandria, Virginia. *Id*. It further indicated that Fort Henry took adverse action on Plaintiff's application (*i.e*., denied it) based on a consumer report that Fort Henry obtained from SafeRent. *Id*. Accordingly, Plaintiff asked SafeRent for to send a copy of her consumer file – *i.e*., the information that SafeRent had been reporting about her – to her and to Fort Henry. *Id*.

On December 13, 2011, SafeRent received Plaintiff's request and immediately sent documents to Plaintiff and to Fort Henry. Specifically, SafeRent sent Plaintiff a

---

[2] In the alternative, this Court may consider the documents and convert SafeRent's motion to into a motion for summary judgment. Fed. R. Civ. P. 12(d). All documents have been redacted. LCvR 5.4(f).

copy of her consumer file, and it also sent her and Fort Henry a longer consumer report which included information in that file plus a score derived from it.  Exhibit 2 (SafeRent's consumer file as sent to Plaintiff) and Exhibit 3 (SafeRent's consumer report as sent to Plaintiff and Fort Henry).  The relevant portion of these documents lists fourteen lawsuits that Plaintiff's prior landlord, Willoughby Real Estate Co., Inc., filed against Plaintiff in the District of Columbia Superior Court.[3]

On December 23, 2011, Plaintiff sent SafeRent a letter which "dispute[d] the validity" of the fourteen lawsuits listed on SafeRent's December 13, 2011 report and attached housing court docket sheets about each suit.  Exhibit 4.  The docket sheets that Plaintiff sent to SafeRent are public records; this Honorable Court may obtain them by visiting https://www.dccourts.gov/cco/maincase.jsf and searching for "Karlene Jones."

On December 28, 2011, SafeRent received Plaintiff's dispute letter and immediately sent her a response.  Exhibit 5.  The response stated that "the disputed Landlord/tenant cases were verified with DC Superior Court."  *Id*.  The response also stated and showed that SafeRent updated its summary of one of the fourteen lawsuits in Plaintiff's consumer file:  the summary of the suit's disposition had been changed from "Consent Agreement/Order" to "Dismissed/Terminated."  *Id*.

On January 12, 2012, Plaintiff asked SafeRent to re-verify the lawsuits and to delete them from her consumer file.  Exhibit 6.

---

[3]  Willoughby is Plaintiff's prior landlord because she listed the street address of the Willoughby apartment, 760 Chesapeake Street SE, as her prior address.  Compare Exhibit 1 (listing that address as prior address) with Exhibit 2 (listing that address as Willoughby's address).

On January 17, 2012, SafeRent informed Plaintiff that it would not delete the lawsuits from her consumer file, because it had verified the suits and had a right to report them. Exhibit 7.

### III.     SUMMARY OF ALLEGATIONS

Plaintiff's Complaint pleads, in full, as follows:

> That CoreLogic SafeRent submitted cases that have been dismissed/terminated onto my consumer file. I was advised to me [sic] by CoreLogic that the cases were verified with D.C. Superior Court. The consumer file has caused me to be denied housing, emotional distress and slander to my name. Further advised to me that the cases may be reported up to 7 years from the case filing date.

Exhibit 8.

The Complaint does not state a precise cause of action, but it makes references to Plaintiff's "consumer file" and to information that SafeRent "advised to [her]." These are references to the documents that Plaintiff and SafeRent exchanged from December 9, 2011 through January 17, 2012, at Exhibits 1-7. These documents contain Plaintiff's "consumer file," and they indicate what SafeRent "advised to [Plaintiff]."

Because Plaintiff appears pro se, this Court should consider Exhibits 1-7 in an attempt to discern the basis for her suit. *Jeanes v. United States Dept. of Justice*, 357 F. Supp. 2d 119, 122 (D.D.C. 2004) ("*pro se* pleadings should be read more liberally than formal pleadings filed by attorneys, and the court should try to discern a cause of action even if a party's complaint is unartfully pleaded"); *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006) (emphasis added) ("consistent with the leniency afforded *pro se* plaintiffs, the Court must make a concerted effort to discern a cause of action ***from the record presented*** if an action is in fact discernible").

A fair reading of the Complaint, together with the correspondence to which it refers, indicates that Plaintiff is pleading two claims for violation of the Fair Credit Reporting Act and one claim for defamation.

The Complaint's reference to Plaintiff's "consumer file," and Plaintiff's statement at Exhibit 5 that she "dispute[d] the validity" of items in SafeRent's December 13, 2011 consumer report "pursuant to the Fair Credit Reporting Act," allude to two FCRA claims.

First, Plaintiff appears to allege that SafeRent's December 13, 2011 report violated §1681c(a), which limits the kinds of adverse information that an entity like SafeRent may include on a consumer report about someone like Plaintiff.

Second, Plaintiff appears to allege that SafeRent's December 28, 2011 response to her December 23, 2011 dispute violated §1681i, which requires an entity like SafeRent to conduct a reinvestigation in response to consumer disputes, and to take action to correct or delete information that is inaccurate or obsolete.

The Complaint's allegation that SafeRent's "consumer file has caused … slander to my name," and Plaintiff's statement at Exhibit 5 that she would "bring appropriate action against [SafeRent] for defamation of character," allude to a defamation claim.

**IV.   STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. But even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne,* 634 F.3d 588, 596 (D.C. Cir. 2011) (citations and quotation marks omitted).

**V.     ARGUMENT**

**A.     Plaintiff's Core Allegation Is that SafeRent Wrongfully Included Lawsuits that Had Been Dismissed in Its Consumer File.**

To determine whether Plaintiff has stated claims for which relief may be granted, the Court must first determine which aspects of SafeRent's consumer file gave rise to Plaintiff's claims here. There are two possibilities: Plaintiff could be contending that a) SafeRent's summaries of the lawsuits that had been filed against her were incorrect or misleading; or b) because the lawsuits had been dismissed or resolved, SafeRent should have deleted them from its consumer file about her.

Plaintiff's contention is that SafeRent should have deleted the housing court lawsuits from its consumer file about her. The Complaint alleges that "SafeRent submitted cases that have been dismissed/terminated onto my consumer file." Exhibit 8. In prior correspondence, Plaintiff asked SafeRent to delete the lawsuits from her consumer file. Exhibit 6.

At no point in the correspondence or the Complaint does Plaintiff contend that SafeRent's summaries of the housing court lawsuits were inaccurate or misleading. Indeed, a comparison of SafeRent's two reports with the public docket information that Plaintiff provided to it (and that is available online now) reveals that SafeRent's summaries of each lawsuit were correct and were not misleading:

| Case Number | SafeRent Report 12/13/11 (Exhibit 3) | Plaintiff's 12/23 Letter with Public Docket Information (Exhibit 4) | SafeRent Report 12/28/11 (Exhibit 5) |
|---|---|---|---|
| 2009 LTB 016429 | Dismissed/ Terminated | Case Dismissed By Fax/Email (p. 20/43). | Dismissed/ Terminated |
| 2009 LTB 013183 | Dismissed/ Terminated | Case Dismissed By Fax/Email (p. 12/43) | Dismissed/ Terminated |
| 2009 LTB 024062 | Dismissed/ Terminated | Case Dismissed By Fax/Email (p. 16/43) | Dismissed/ Terminated |
| 2009 LTB 022311 | Dismissed/ Terminated | Consent Judgment Praecipe Approved (p. 14/43) | Dismissed/ Terminated |
| 2008 LTB 003380 | Dismissed/ Terminated | Case Dismissed By Fax/Email (p. 18/43) | Dismissed/ Terminated |
| 2009 LTB 032082 | Consent Agreement/Order | Dismissed w/o Prejudice Pursuant SCR 14-I (p. 22/43) | Dismissed/ Terminated |
| 2007 LTB 021565 | Consent Agreement/Order | Consent Settlement Agreement Filed (p. 25/43) | Consent Agreement/Order |
| 2007 LTB 009832 | Dismissed/ Terminated | Consent Judgment Praecipe Approved (p. 28/43) | Dismissed/ Terminated |
| 2005 LTB 025666 | Dismissed/ Terminated | Dismissed w/o Prejudice Pursuant SCR 14-I (p. 30/43) | Dismissed/ Terminated |
| 2008 LTB 020805 | Dismissed/ Terminated | Default entered on 07/29/2008; Writ of Restitution issued on 09/19/2008; Writ quashed on 10/07/2008 (pp. 32-33/43) | Dismissed/ Terminated |
| 2008 LTB 014089 | Dismissed/ Terminated | Case Dismissed Fax/Email (p. 35/43) | Dismissed/ Terminated |
| 2008 LTB 033863 | Dismissed/ Terminated | Dismissal With Stipulation Filed (p. 37/43) | Dismissed/ Terminated |
| 2009 LTB 003755 | Dismissed/ Terminated | Dismissed w/o Prejudice Pursuant SCR 14-I (p. 40/43) | Dismissed/ Terminated |
| 2009 LTB 009937 | Dismissed/ Terminated | Case Dismissed By Fax/Email (p. 42/43) | Dismissed/ Terminated |

As this comparison demonstrates, SafeRent's reports accurately summarized the formal disposition of each of the fourteen (14) lawsuits listed in its consumer file for Plaintiff. Plaintiff did not specifically dispute any of SafeRent's summaries, but SafeRent nevertheless amended its summary of Case No. 2009 LTB 032082 on December 28, 2011, to indicate that the suit had been dismissed and had not been resolved by consent or order.

Accordingly, the sole question presented is whether SafeRent violated the Fair Credit Reporting Act or defamed Plaintiff when it included lawsuits that had been dismissed in Plaintiff's consumer file, despite her request that they be deleted.

### B.     SafeRent Did Not Violate the Fair Credit Reporting Act.

Plaintiff appears to assert two claims for violations of the Fair Credit Reporting Act:  a) that SafeRent's December 13, 2011 report to Fort Henry violated §1681c(a), which governs the type of information that a consumer report may contain; and b) that SafeRent violated §1681i, which required SafeRent to reinvestigate her December 23, 2011 and January 12, 2012 disputes and to correct her consumer file if need be.  These are separate claims, but they both turn on the same underlying question:  did SafeRent violate the law by maintaining records of housing court lawsuits against Plaintiff even after those lawsuits had been dismissed or resolved?

The answer to this central question is in the negative:  SafeRent did not violate the FCRA.  The FCRA does not preclude SafeRent from including records of lawsuits that have been dismissed in SafeRent's consumer reports.  The relevant portion of the law reads as follows:

> (a) Information excluded from consumer reports
>
> Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
>
> (2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.

15 U.S.C. §1681c(a)(2).

The law at §1681c(a)(2) does not preclude SafeRent or any other consumer reporting agency from including lawsuits that have been dismissed or otherwise resolved in a consumer file. To the contrary, the only limitation that the statute places on the reporting of civil suits is a bar on reporting suits that are more than seven years old.

Accordingly, under the law at §1681c(a)(2), SafeRent's consumer file and consumer reports about Plaintiff could list any "civil suits" or "civil judgments," regardless of how they had been resolved, provided that their "date of entry" was less than seven years prior to the date of a consumer report. The "date of entry" is undefined; it could mean the date when a civil action was first filed, or the later date when it was resolved. If the Court takes a conservative view and assumes that "date of entry" means the date of initial filing, then SafeRent's December 13, 2011 and December 28, 2011 consumer reports could list civil suits that had been filed before December 2004.

None of the civil lawsuits that SafeRent listed about Plaintiff were filed before December 2004. To the contrary, all of the lawsuits were filed on or after August 2005:

| Case Number | SafeRent Report 12/13/11 (Exhibit 3) | Plaintiff's 12/23 Letter with Public Docket Information (Exhibit 4) | SafeRent Report 12/28/11 (Exhibit 5) |
|---|---|---|---|
| 2009 LTB 016429 | Filed 05/27/2009 | Filed 05/27/2009 (p. 20/43) | Filed 05/27/2009 |
| 2009 LTB 013183 | Filed 04/28/2009 | Filed 04/28/2009 (p. 12/43) | Filed 04/28/2009 |
| 2009 LTB 024062 | Filed 07/30/2009 | Filed 07/30/2009 (p. 16/43) | Filed 07/30/2009 |
| 2009 LTB 022311 | Filed 07/07/2006 | Filed 07/07/2006 (p. 14/43) | Filed 07/07/2006 |
| 2008 LTB 003380 | Filed 01/28/2008 | Filed 01/28/2008 (p. 18/43) | Filed 01/28/2008 |
| 2009 LTB 032082 | Filed 10/08/2009 | Filed 10/08/2009 (p. 22/43) | Filed 10/08/2009 |
| 2007 LTB 021565 | Filed 06/29/2007 | Filed 06/29/2007 (p. 25/43) | Filed 06/29/2007 |
| 2007 LTB 009832 | Filed 03/23/2007 | Filed 03/23/2007 (p. 28/43) | Filed 03/23/2007 |
| 2005 LTB 025666 | Filed 08/01/2005 | Filed 08/01/2005 (p. 30/43) | Filed 08/01/2005 |
| 2008 LTB 020805 | Filed 06/27/2008 | Filed 06/27/2008 (p. 32/43) | Filed 06/27/2008 |
| 2008 LTB 014089 | Filed 05/05/2008 | Filed 05/05/2008 (p. 35/43) | Filed 05/05/2008 |
| 2008 LTB 033863 | Filed 10/14/2008 | Filed 10/14/2008 (p. 37/43) | Filed 10/14/2008 |
| 2009 LTB 003755 | Filed 02/05/2009 | Filed 02/05/2009 (p. 40/43) | Filed 02/05/2009 |
| 2009 LTB 009937 | Filed 03/27/2009 | Filed 03/27/2009 (p. 42/43) | Filed 03/27/2009 |

Because §1681c(a)(2) did not preclude SafeRent from reporting civil lawsuits that had been dismissed or otherwise resolved, and because none of the civil lawsuits that SafeRent reported pre-dated its reports by more than seven years, SafeRent complied with the Fair Credit Reporting Act when it maintained its consumer file about Plaintiff and created its consumer reports about her.

Accordingly, neither of Plaintiff's apparent FCRA claims has merit. Her claim under §1681c(a)(2) fails because SafeRent's December 13, 2011 report complied with that statute. Her claim under §1681i claim, which required SafeRent to conduct a reinvestigation following her December 23, 2011 and January 12, 2012 disputes and to correct any inaccurate or obsolete information in her consumer file, also fails. SafeRent reinvestigated both disputes and reported its results to Plaintiff on December 28, 2011 and January 17, 2012. SafeRent corrected an inaccuracy on December 28, 2011, but it was not required to and so did not delete the lawsuits involving Plaintiff from its consumer file about her.

### C.     SafeRent Did Not Defame Plaintiff.

Plaintiff's defamation claim should be dismissed because: a) the defamation claim is pre-empted by the FCRA; and b) SafeRent's reports were substantially true.

First, the FCRA at §1681h(e) pre-empts defamation claims like Plaintiff's:

> Except as provided in sections 1681n and 1681o of this title [permitting private actions for FCRA violations], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency … based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. §1681h(e).

Under the FCRA at §1681h(e), Plaintiff's defamation claim against SafeRent is pre-empted unless she has plausibly alleged that SafeRent's reports contained "false information furnished with malice or willful intent to injure" her. There are no such plausible allegations. The Complaint does not allege that SafeRent acted with malice or willful intent to injure. Exhibit 8. Even if it did, SafeRent's reports did not contain "false information" because they fairly summarized and accurately dated the housing court lawsuits that are at issue here.

Second, and relatedly, "[i]t is an 'absolute defense to a defamation claim if the statements are substantially true." *Carpenter v. King*, 792 F. Supp. 2d 29, 34 (D.D.C. 2011) (granting motion to dismiss defamation claim) (quotation marks and citation omitted); *see also Moldea v. New York Times Co.*, 22 F.3d 310, 318 (D.C. Cir. 1994) (stating that "substantial truth" is a defense to defamation" and affirming summary judgment to defendant on defamation claim).

SafeRent's statements about the lawsuits listed on its consumer reports about Plaintiff were "substantially true." As the charts at p. 7 and p. 9 demonstrate, SafeRent's reports fairly summarized the resolution of each civil lawsuit listed on its reports and correctly identified the date on which each suit was filed. Accordingly, SafeRent has an absolute defense to Plaintiff's defamation claim, and the claim should be dismissed.

### VI. CONCLUSION

For the reasons stated above, SafeRent's motion to dismiss should be granted.

- 12 -

| | |
|---|---|
| Dated: February 28, 2012 | Respectfully Submitted, |

/s/ Lorenzo B. Cellini
Lorenzo B. Cellini
 D.C. Bar. No. 502441
TYCKO & ZAVAREEI LLP
2000 L Street NW, Suite 808
Washington, DC 20036
(202) 973-0900 (telephone)
(202) 973-0950 (facsimile)
lcellini@tzlegal.com

Jason A. Spak (PA89077)
PICADIO SNEATH MILLER & NORTON, P.C.
444 Liberty Avenue, Suite 1105
Pittsburgh, PA  15219
(412) 288-4385 (telephone)
jspak@psmn.com

*Counsel for CoreLogic SafeRent, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2012, I served a true and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** on Plaintiff by sending the same via United States mail, postage prepaid, to:

Karlene Jones
701 Brandywine Street SE, Apartment #201
Washington, DC 20032

*Plaintiff pro se*

/s/ Lorenzo B. Cellini
Lorenzo B. Cellini