Filed
D.C. Superior Court
12 Feb 24 P03:03
Clerk of Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| Karlene Jones | |
| | Case No. 2012 CA 000830 B |
| Plaintiff, | |
| v. | Judge John M. Mott |
| | |
| CoreLogic SafeRent, LLC, | Next Event:  Initial Conference |
| | Date:  May 25, 2012 |
| Defendant. | |

## NOTICE OF REMOVAL

KINDLY TAKE NOTICE that on February 24, 2012, Defendant CoreLogic SafeRent, LLC, pursuant to applicable law, filed with the Clerk of the United States District Court for the District of Columbia a Notice of Removal, a copy of which is attached hereto as Exhibit 1.  No further proceedings may be had in this Honorable Court unless and until such time as above-captioned litigation may be remanded by the United States District Court for the District of Columbia.

Dated:  February 24, 2012

Respectfully Submitted,

/s/ Lorenzo B. Cellini
Lorenzo B. Cellini
 D.C. Bar. No. 502441
TYCKO & ZAVAREEI LLP
2000 L Street NW, Suite 808
Washington, DC 20036
(202) 973-0900 (telephone)
(202) 973-0900 (facsimile)
lcellini@tzlegal.com

*Counsel for CoreLogic SafeRent, LLC*

- 1 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2012, I served a true and correct
copy of the foregoing NOTICE OF NOTICE OF REMOVAL on Plaintiff by sending the
same via United States mail, postage prepaid, to:

Karlene Jones
701 Brandywine Street SE, Apartment #201
Washington, DC 20032

*Plaintiff Pro Se*

/s/ Lorenzo B. Cellini
Lorenzo B. Cellini

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Karlene Jones #3E #301
701 Brandywine
Washington, D.C. 20032

**Plaintiff**

vs.

FEB 01 2012

CIVIL ACTION NO. _____

0000830-12

Core Logic Safe Rent
7200 Westmore Road, Suite 3
Rockville, Md. 20850-3223

**Defendants**

### COMPLAINT

1.   Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

That Core Logic Safe Rent submitted cases that have been dismissed/terminated onto my consumer file. I was advised to me by Core Logic that the cases were verified with D.C. Superior Court. The consumer file has caused me to be denied housing, emotional distress and slander to my name. Further advised to me that the cases may be reported for up to 7 years from the case filing date.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 10,000.00 with interest and costs.

(202)506-6331
**Phone:**

DISTRICT OF COLUMBIA, SS

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

X Karlene V. Jones
(Plaintiff)                                                    (Agent)

Subscribed and sworn to before me this ____ day of feb ____ 20 1_.

_____
(Notary Public/Deputy Clerk)

Case: 2012 CA 000830 B
00044168042
Dkt: CABCLSF

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_Karlene Jones_
_____
Plaintiff

vs.                                            Case Number   0000830-12

_Core Logic Safe Rent_
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Karlene Jones_
_____
Name of Plaintiff's Attorney                        Clerk of the Court

_701 Brandywine St. S.E. #901_
_____               By _____
Address

_Washington D.C. 20032_                                    Deputy Clerk
_____

_(202) 506 - 6331_
_____               Date _____
Telephone

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-269-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

*Karlene Jones*

*vs*

*Core Logic Safe Rent*

Case Number: 0000830-12

Date: *Feb 1, 2012*

☐ One of the defendants is being sued in their official capacity.

| Name: *(please print)* | Relationship to Lawsuit |
|---|---|
| | ☐ Attorney for Plaintiff |
| Firm Name: | ☒ Self (Pro Se) |
| | ☐ Other: _____ |
| Telephone No.:          Six digit Unified Bar No.: | |

TYPE OF CASE:   ☒ Non-Jury        ☐ 6 Person Jury        ☐ 12 Person Jury
Demand:$ *10,000.00*                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                                    COLLECTION CASES
☐ 01 Breach of Contract          ☐ 07 Personal Property       ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance     ☐ 17 OVER $25,000
☐ 15 _____

**B. PROPERTY TORTS**
☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102(a)

**C. PERSONAL TORTS**
☐ 01 Abuse of Process            ☐ 09 Harassment                       ☐ 17 Personal Injury – (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy                   Not Malpractice)
☐ 03 Assault and Battery         ☒ 11 Libel and Slander                ☐ 18 Wrongful Death (Not malpractice)
☐ 04 Automobile-Personal Injury  ☒ 12 Malicious Interference           ☐ 19 Wrongful Eviction
☒ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution            ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal                ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including wrongful death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence-(Not Automobile,      ☐ 23 Tobacco
                                      Not Malpractice)                 ☐ 24 Lead Paint

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 09



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KARLENE JONES
   Vs.                                    C.A. No.     2012 CA 000830 B
CORE LOGIC SAFE RENT

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JOHN M MOTT
Date:  February 1, 2012
Initial Conference: 10:00 am, Friday, May 25, 2012
Location:  Courtroom 221
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc